IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEANNE PATT, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:21-cv-01894-E |
| PSN AFFILIATES, LLC D/B/A LEGENT ORTHOPEDIC HOSPITAL, | § § § § | |
| Defendant. | | |

**DEFENDANT'S PARTIAL MOTION TO DISMISS
PLAINTIFF'S ORIGINAL COMPLAINT AND BRIEF IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), PSN Affiliates, LLC ("PSN") submits this Partial Motion to Dismiss seeking dismissal of the retaliation causes of action in Leanne Patt ("Plaintiff" or "Patt")'s Original Petition.

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................1

II. RELEVANT FACTUAL BACKGROUND ........................................................................1

III. LEGAL STANDARD ...........................................................................................................2

IV. ARGUMENTS AND AUTHORITIES .................................................................................3

      A. Patt Failed to Exhaust Her Administrative Remedies ...............................................5
      B. Patt's Title VII Retaliation Claim Fails. ....................................................................5
      C. Patt's PDA Retaliation Claim Fails. ..........................................................................7
      D. Patt's Chapter 21 Retaliation Claim Fails .................................................................8

V. CONCLUSION .....................................................................................................................9

## I.     INTRODUCTION

This is an employment case. Patt's Original Petition fails to state any cognizable claim for retaliation. To begin with, Patt has failed to exhaust her administrative remedies because she did not allege any specific facts in support of any of her retaliation claims in her Equal Employment Opportunity Commission ("EEOC") charge of discrimination. Even if Patt had exhausted her remedies, her retaliation claims fail because the Complaint contains insufficient factual allegations to plausibly support them, namely Patt fails to allege that she engaged in any activity protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), the Pregnancy Discrimination Act ("PDA"), or Chapter 21 of the Texas Labor Code ("Chapter 21"). The Court should therefore dismiss Patt's retaliation claims with prejudice.

## II.    RELEVANT FACTUAL BACKGROUND[1]

PSN acquired Legent Orthopedic Hospital, formerly known as First Texas Hospital of Carrollton, from Adeptus Health, Inc. in an asset sale transaction in 2019. Original Complaint ("Compl.") ¶¶ 3.01-3.03. PSN thereafter formally extended an offer of employment to Patt to work at its Legent Orthopedic Hospital location in Carrollton, Texas. Compl. ¶ 1.02.

In January 2020, Patt discovered she was pregnant. Compl. ¶ 3.07. In order to accommodate her pregnancy during the height of the COVID-19 pandemic, PSN moved Patt to a different hospital location in Plano, Texas, where she would have no direct contact with patients or work in any patient care areas. *See* Compl. ¶ 3.12.

Patt approached Human Resources to discuss parental options. Compl. ¶ 4.05. PSN's Human Resources department talked to Plaintiff about her benefits and PSN's leave policy. Compl. ¶ 3.12. PSN also gave Patt time off of work to attend doctor appointments. Compl. ¶ 3.16.

---

[1] The following factual allegations are taken from the Complaint solely for purposes of this partial motion to dismiss.

1

Patt returned to her original position at Legent Orthopedic Hospital in Carrollton a couple of weeks later after new safety protocols were in place. Compl. ¶¶ 3.13, 3.14. The Director of Patient Access consistently tried to accommodate Patt; she asked Patt if she wanted to change positions, take a new schedule, or move to a new location. *Id.* Patt told her that she wanted to keep her schedule and position upon returning from maternity leave. *Id.*

After Patt returned to Carrollton, Patt's manager, David Rodriguez ("Rodriguez"), e-mailed his team — including Patt — about issues that management was having with employees being in the kitchen. *See* Compl. ¶ 3.15. On August 5, 2020, PSN reviewed security video footage showing Patt entering the hospital's café/kitchen and taking food from the area in defiance of Rodriguez's e-mail directive. Compl. ¶ 3.19. The company terminated Patt's employment for "stealing" from PSN. Compl. ¶¶ 3.18-3.19.

In this lawsuit, Patt alleges that PSN unlawfully discriminated and retaliated against her in violation of Title VII, the PDA, and Chapter 21. In particular, she alleges that PSN retaliated against her for (1) complaining of discrimination, harassment, and PSN's failure to accommodate her pregnancy, Compl. ¶ 4.07; and (2) ending her sexual relationship with Rodriguez; Compl. ¶ 6.05. Even assuming these allegations (which PSN disputes) are true, Patt has failed to allege that she engaged in any legally protected activity as required to establish prima facie cases. The Court should therefore dismiss her retaliation claims with prejudice.

### III.   LEGAL STANDARD

To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[2]  A claim is plausible where the plaintiff pleads sufficient factual content to support the reasonable inference that the defendant is liable for the

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2

misconduct alleged.[3] A complaint need not contain detailed factual allegations, but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[4] The factual allegations in the complaint must be enough to raise a right to relief above the speculative level.[5] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," they fall short of showing that the pleader is entitled to relief.[6]

In making its ruling, the Court "may consider documents attached to a motion to dismiss that are referred to in the plaintiff's complaint and are central to the plaintiff's claim."[7] Because Patt's EEOC charge of discrimination is referenced in the Complaint[8] and is central to the claims alleged, PSN has attached a copy of it in the accompanying appendix. *See* App. 1.[9]

### IV.   ARGUMENTS AND AUTHORITIES

In the Complaint, Patt alleges that PSN retaliated against her by terminating her employment for two reasons: (1) "complain[ing] of discrimination, harassment and failure to accommodate," Compl. ¶ 4.07; and (2) "end[ing] the sexual affair with her manager David Rodriguez who created a sexually hostile environment in the workplace," Compl. ¶ 6.05. Because Patt has failed to show that she engaged in any legally protected activity as required to state prima facie claims for retaliation, her retaliation claims fail as a matter of law and should be dismissed.

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[4] *Twombly*, 550 U.S. at 555.
[5] *Id.*
[6] *Iqbal*, 556 U.S. at 679.
[7] *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2008).
[8] *See, e.g.,* Compl. ¶¶ 2.02, 4.06.
[9] *See, e.g., Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) ("We note approvingly, however, that various other circuits have specifically allowed that '[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'") (quoting *Ventures Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

3

To set forth a prima facie case of retaliation, Patt must plead facts to show that she (1) engaged in a legally protected activity, (2) PSN took a material adverse employment action against her, and (3) a causal connection exists between the protected activity and the adverse action.[10]

Protected activity is defined by the relevant statutes. For example, Title VII forbids an employer from retaliating against an employee because of the employee's opposition to "any practice made an unlawful practice" by Title VII, or the employee's participation in "an investigation, proceeding, or hearing under [Title VII]."[11] Thus, to state a viable claim for retaliation under Title VII, a plaintiff must first establish that he or she opposed an unlawful employment practice or participated in an investigation, proceeding, or hearing under Title VII.[12] This is the same standard under the PDA, which amended Title VII.[13] Under Chapter 21, "protected activity" is defined to include an employee who "opposes a discriminatory practice," "makes or files a charge," "files a complaint," or "testifies, assists, or participates in any manner in an investigation, proceeding, or hearing," and the plaintiff must therefore, at a minimum, alert the employer of the possibility of discrimination.[14]

---

[10] *See Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 588 (5th Cir. 2020).
[11] 42 U.S.C. § 2000e-3(a).
[12] *See id.*
[13] *See* 42 U.S.C. § 2000e(k) (amending the definitional section of Title VII to include pregnancy-related claims with the passage of the PDA); *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) ("A claim brought under the PDA is analyzed like any other Title VII discrimination claim.").
[14] Tex. Labor Code § 21.055. Because Chapter 21 is intended to provide for the execution of the policies under Title VII and the Americans with Disabilities Act (ADA), Texas courts "have consistently held that those analogous statutes and the cases interpreting them guide our reading of the TCHRA." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 634 (Tex. 2012); *accord Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 781 (Tex. 2018). According to the Texas Supreme Court, however, Texas courts must follow Chapter 21 when its statutory language differs from analogous federal statutes as it relates to the definition of "protected activity" for purposes of retaliation claims. *See Tex. Dep't of Transp. v. Lara*, 625 S.W.3d 46, 59-61 (Tex. 2021).

A.    **Patt Failed to Exhaust Her Administrative Remedies.**

At the outset, Patt's retaliation claims fail because she has not exhausted her administrative remedies for any such claim.[15] Other than simply checking the box for retaliation, Patt did not identify any retaliation, or even mention any legally protected activity that could support a retaliation claim, in her EEOC charge of discrimination. *See* App. 1. Accordingly, the Court should dismiss Patt's retaliation claims on this basis alone.[16]

B.    **Patt's Title VII Retaliation Claim Fails.**

Even if the Court finds that Patt exhausted her administrative remedies, none of the factual allegations in the Complaint support a plausible inference that Patt engaged in any legally protected activity as required to state prima facie claims for retaliation under Title VII.[17] In her Complaint, Patt acknowledges that she has to engage in legally protected activity in order to assert a claim for retaliation. Compl. ¶ 6.02. But she has pleaded no facts that she opposed "any practice

---

[15] *See, e.g., Williams v. Health Tex. Provider Network*, 3:15-CV-391-M-BK, 2017 WL 2608813, at *3 (N.D. Tex. June 1, 2017) ("Plaintiff…did not exhaust his claim that he was retaliated against in violation of Title VII because he did not specify in his EEOC questionnaire the facts underlying the allegation or the allegedly discriminatory employment practice he opposed. Instead, Plaintiff merely checked the box marked 'retaliation' with no further explanation, which is insufficient to find that claim exhausted."); *Self v. Bnsf Ry. Co.*, No. 14-CA-618-SS, 2016 WL 543245, at *7 (W.D. Tex. Feb. 9, 2016) (holding that plaintiff's retaliation claim was not unexhausted because, even though he checked the "retaliation" box on his EEOC charge form, he failed to allege any specific facts in support); *Givs v. City of Eunice*, 512 F. Supp. 2d 522, 536-37 (W.D. La. 2007) ("Even though plaintiff checked both the race and retaliation boxes on the EEOC complaint, the Court does not accept that merely checking the retaliation box is sufficient to exhaust his administrative remedies. Plaintiff's failure to allege *any facts* concerning retaliation or harassment that would have put the EEOC on notice about the possibility of such, are fatal to these claims.").

[16] *See, e.g., Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 472 (5th Cir. 2016) (per curiam) (although the Fifth Circuit construes EEOC claims liberally, it "will not consider claims that were not asserted before the EEOC or that do not fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination a plaintiff makes before the EEOC.").

[17] *See* 42 U.S.C. § 12203 (prohibiting retaliation against employee because he or she "has *opposed any act or practice made unlawful* by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]") (emphasis added).

5

made an unlawful practice" by Title VII or supporting an inference that she engaged in *any* statutorily-protected activity.[18]

Patt generically asserts that "Defendant retaliated against [her] by firing her after she complained of disrimination, harassment and failure to accommodate." Compl. ¶ 4.07. But this assertion is nothing more than a conclusion that is insufficient to meet the *Iqbal*/*Twombly* pleading standard which requires more than labels and a formulaic recitation of the elements of a cause of action.[19] Moreover, this generic and conclusory assertion is undermined by the specific allegations and admissions that she made in her Complaint that she never complained to Human Resources. Compl. ¶ 4.05.

In addition, Patt alleges that PSN retaliated against her after she ended her sexual affair with Rodriguez "who created a sexually hostile environment in the workplace by terminating Plaintiff's employment." Compl. ¶ 6.04. But merely stating that "things started getting weird and changing rapidly," and that Rodriguez "completely changed towards Plaintiff" after she discovered that Rodriguez was not the biological father of her baby, Compl. ¶¶ 3.10-3.11, is not enough to constitute a "protected activity" under Title VII as a matter of law.[20] She makes no allegations that she complained to anyone of discrimination, harassment, or a hostile work environment after she ended her alleged relationship with Rodriguez. Importantly, she also admits that she never complained to Human Resources. Compl. ¶ 4.05.

---

[18] 42 U.S.C. § 2000e-3(a).
[19] *See Twombly*, 550 U.S. at 555; *see also Paske v. Fitzgerald*, 785 F.3d 977, 986 (5th Cir. 2015) ("[A] vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity."); *St. John v. Sirius Sols., LLLP*, 299 F. App'x 308, 309 (5th Cir. 2008) (recognizing that general complaints are not protected activity for purposes of the ADA).
[20] *See, e.g., LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 389 (5th Cir. 2004) (holding that rejecting sexual advances does not constitute a protected activity); *see also Frank v. Harris Cty.*, 118 F. App'x 799, 804 (5th Cir. 2004) (affirming summary judgment on Title VII retaliation claim when only protected activity was "express rejection" of sexual advances); *accord Giddens v. Cmty. Educ. Ctrs., Inc.* 540 F. App'x 381, 390 (5th Cir. 2013).

Because Patt has not sufficiently alleged that she engaged in any legally protected activities as defined by Title VII, she cannot establish a prima facie case of retaliation and her Title VII retaliation claim must therefore be dismissed.

## C. Patt's PDA Retaliation Claim Fails.

Patt also appears to allege that she was discharged as a result of her pregnancy—because PSN allegedly did not want to pay her medical benefits during her pregnancy and because she asked for certain accommodations related to her pregnancy. Compl. ¶¶ 3.20, 4.05. But as stated above, Patt does not allege any protected activity in which she engaged that could plausibly support a claim of retaliation based on her pregnancy. She alleges that she went to Human Resources to discuss parental options, *see* Compl. ¶ 4.05, but she does not state that she engaged in opposition activity. Although she states conclusorily that PSN "denied [her] request for accommodations and placed her at risk," Compl. ¶ 4.05, she does not state what additional accommodations she allegedly requested and what accommodations PSN denied her. To the contrary, she admits that PSN accommodated her by moving her to a different hospital for a period of time and returning her to the original position after new safety protocols were in. Compl. ¶¶ 3.12-3.14. She also admits that PSN met with her to discuss scheduling and position accommodations, and she was permitted to take time off of work for doctor appointments. Compl. ¶¶ 3.14, 3.16.

Because Patt's request for an accommodation was not accompanied with any complaint about pregnancy discrimination, her request itself is not protected activity as a matter of law.[21] Her Complaint is devoid of any allegation that she opposed any practice that violates Title VII as

---

[21] *See, e.g., Raucci v. Ctr. for Disability Servs., Inc.*, No. 119CV1002MADCFH, 2020 WL 777269, at *4 (N.D.N.Y. Feb. 18, 2020) ("Plaintiff's request for the accommodation, unaccompanied by a complaint that she believed she was being discriminated against because of her pregnancy, is not a protected activity. Simply put, this was not an action 'taken to protest or oppose statutorily prohibited discrimination.'") (quoting *Natofsky v. City of N.Y.*, 921 F.3d 337, 354 (2d Cir. 2019)).

amended by the PDA.[22] The fact that she "believes" she was fired because PSN did not want to pay her medical benefits during her pregnancy and because of her need for accommodations during her pregnancy, *see* ¶¶ 3.20, 4.05, is merely her subjective beliefs that are contradicted by her other allegations and thus cannot be used to establish a claim for retaliation.[23]

**D.     Patt's Chapter 21 Retaliation Claim Fails.**

Patt has also pleaded no facts that she engaged in a "protected activity" as defined by Chapter 21. She did not allege that she opposed a discriminatory practice, made or filed a charge, filed complaint, or testified, assisted, or participated in an investigation, proceeding, or hearing as requierd to engage in protected activity under Chapter 21.[24] As stated above, she makes nothing more than a conclusory assertion that "Defendant retaliated against [her] by firing her after she complained of disrimination, harassment and failure to accommodate," Compl. ¶ 4.07. This assertion is not enough to meet the *Iqbal/Twombly* pleading standard,[25] and in any event, is belied by the specific allegations and admission in her Complaint that she never complained to Human Resources. Compl. ¶ 4.05. "[T]o invoke the protections of Section 21.055, the conduct relied on by the employee must, at a minimum, alert the employer to the employee's reasonable belief that

---

[22] 42 U.S.C. § 2000e-3(a); *EEOC v. N. Memorial Health Care*, 908 F.3d 1098, 1103-04 (8th Cir. 2018) (rejecting a retaliation claim premised on requests for religious accommodations); *Giddens*, 540 F. App'x 381 (rejecting a supervisor's sexual advances does not constitute legally protected activity for purposes of a Title VII claim); *LeMaire*, 480 F.3d 383 at (same); *Frank*, 118 F. App'x at 804 (same).

[23] *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Wherry v. BBWS,* No. 7:09–CV–25–O, 2009 WL 513221, at *2 (N.D. Tex. Feb. 27, 2009) (holding that plaintiff's "mere suspicion or belief" of defendant's discriminatory intent is not enough to prevent a motion to dismiss).

[24] Tex. Labor Code § 21.055.

[25] *See Twombly*, 550 U.S. at 555; *see also Paske*, 785 F.3d 977 at 986 ("[A] vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity."); *St. John*, 299 F. App'x at 309 (recognizing that general complaints are not protected activity for purposes of the ADA).

8

unlawful discrimination is at issue."[26] Because Patt makes no assertions that she alerted anyone at PSN about any alleged discrimination, her Chapter 21 retaliation claim fails as a matter of law.[27]

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's retaliation allegations in the Complaint fail to state a claim upon which relief can be granted, and dismissal of her retaliation claims under Title VII, the PDA, and Chapter 21 is thus proper under Rule 12(b)(6).  Because amendment would be futile, the Court should dismiss the claims with prejudice.

Dated:  September 16, 2021.

---

[26] *Lara*, 625 S.W.3d at 59.
[27] *Id.* at 59-61.

Respectfully submitted,

/s/ Anthony J. Campiti
Anthony J. Campiti
State Bar No. 00798092
Barbara-Ellen Gaffney
State Bar No. 24040615
Catherine J. Barbaree
State Bar No. 24098962

HOLLAND & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751
E-mail: Tony.Campiti@hklaw.com
E-mail: Barbara-Ellen.Gaffney@hklaw.com
E-mail: Catherine.Barbaree@hklaw.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that on September 16, 2021, a copy of this document was electronically filed. Notice of this filing will be sent to all counsel of record by operation of the Court's Electronic Filing System.

s/ Anthony J. Campiti
Anthony J. Campiti